UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD M., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No.: 20-cv-01736-JLB <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*** <br><br> **[ECF No. 2]** |

Plaintiff Donald M. has filed a Complaint against the Commissioner of Social Security, Andrew Saul, seeking judicial review of the Commissioner's final decision denying his application for disability insurance benefits. (ECF No. 1 ¶ 6.) The parties have consented to the disposition of the case by Magistrate Judge Jill L. Burkhardt pursuant to 28 U.S.C. § 636(c). (ECF No. 5.)

Presently before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion"). (ECF No. 2.) For the reasons set forth below, Plaintiff's IFP Motion is **DENIED** without prejudice.

## I.   LEGAL STANDARD

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee.

28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1).  Section 1915(a)(1) provides that:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As Section 1915(a)(1) does not itself define what constitutes insufficient assets, the determination of indigency falls within the district court's discretion.  *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).  "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

## II.   DISCUSSION

Here, Plaintiff has not paid the $400.00[1] filing fee required to maintain an action in this District and has instead moved to proceed IFP.  (ECF No. 2.)  In his affidavit of assets,

---

[1] *See* 28 U.S.C. § 1914(a) ("The clerk of each district shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350, except that on application for writ of habeas corpus the filing fee shall be $5.); *CASD Fee Schedule*, https://www.casd.uscourts.gov/_assets/pdf/attorney/CASD%20FEE%20SCHE

Plaintiff attests under penalty of perjury that he owns a house valued at $300,000.00 and a 2006 PT Cruiser valued at $1,000.00. (*Id.* ¶ 5.) He also attests that he has been unemployed for at least the last two years but receives $3,270.00 per month in Veteran Disability payments. (*Id.* ¶¶ 1–2.) Plaintiff's total monthly expenses average $3,148.00 for: mortgage payments ($1,503.00); utilities ($62.00); HOA fees ($290.00); food ($300.00); transportation ($80.00); home insurance ($44.00); medication ($32.00); vehicle insurance ($114.00); installment payments on a vehicle ($420.00), on a credit card ($100.00), to Home Depot ($100.00), and to MetroPCS ($65.00); and home security ($38.00). (*Id.* ¶ 8.) Therefore, on average, Plaintiff's monthly income exceeds his monthly expenses by $122.00. Plaintiff attests that he has $0.00 in cash and $0.00 in a bank account or any other financial institution. (*Id.* ¶ 4.) Plaintiff has no dependents. (*Id.* ¶ 7.)

The Court finds that Plaintiff's affidavit of assets does not sufficiently demonstrate that he lacks the financial resources to pay the $400.00 filing fee, for Plaintiff fails to allege his indigency with some "particularity, definiteness, and certainty." *Escobedo*, 787 F.3d at 1234. Plaintiff's monthly expenses average $122.00 less than his monthly income, yet Plaintiff attests that he has $0.00 in cash and $0.00 in a bank account or any other financial institution. (ECF No. 2 ¶¶ 1, 8.) Plaintiff's net positive monthly income seems to indicate that he should have some savings and could possibly afford the filing fee.

Additionally, Plaintiff owns a PT Cruiser valued at only $1,000.00, but he attests that he pays $420.00 per month in vehicle installment payments. (*Id.* ¶¶ 5, 8.) Plaintiff further attests that he has made and will continue to make these payments for at least a year, for under Paragraph 9 in his affidavit, Plaintiff marked "No" as to whether he expects any major changes to his monthly income, expenses, assets, or liabilities "during the next 12 months." (*Id.* ¶ 9.) It is not readily apparent to the Court why Plaintiff's monthly vehicle payments are nearly half his vehicle's total value. Without further explanation, the Court

---

DULE%20Eff%2010-01-2019.pdf (effective Oct. 10, 2019) (imposing a $50 administrative fee for a civil action, suit, or proceeding).

cannot deduce whether, perhaps, Plaintiff's answer under Paragraph 9 was made in error, and Plaintiff will finish making his $420.00 monthly payments within the next few months, or Plaintiff is making installment payments on second, higher-valued vehicle that he did not disclose as an asset.

These discrepancies in Plaintiff's affidavit leave the Court unable to find with certainty that Plaintiff is indigent and that paying the $400.00 filing fee would cause him undue financial hardship or to "sacrifice the necessities of life." *Escobedo*, 787 F.3d at 1234. The Court further notes that Plaintiff failed to provide whether his monthly mortgage payments include real estate taxes or property insurance, as requested by the affidavit, and that Paragraphs 11 through 13 of the affidavit are incomplete.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** without prejudice Plaintiff's IFP Motion. (ECF No. 2.) No later than **November 18, 2020**, Plaintiff must either pay the $400.00 filing fee or file a renewed IFP motion that sufficiently shows he is entitled to IFP status. If Plaintiff fails to do either by the stated deadline, the Court will dismiss the Complaint and close the case.

**IT IS SO ORDERED.**

Dated: October 28, 2020

*[signature: Jill Burkhardt]*

Hon. Jill L. Burkhardt
United States Magistrate Judge