UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD M.,<br><br>             Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>             Defendant. | Case No.:  20-cv-01736-JLB<br><br>**ORDER GRANTING JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d), AND COSTS PURSUANT TO 28 U.S.C. § 1920**<br><br>**[ECF No. 25]** |

On September 4, 2020, Plaintiff Donald M. ("Plaintiff") filed a complaint seeking judicial review of the denial of his application for social security disability benefits by the Commissioner of Social Security (the "Commissioner"). (ECF No. 1.) The Commissioner filed the administrative record on May 25, 2021. (ECF No. 14.) On August 2, 2021, Plaintiff filed a merits brief. (ECF No. 17.)

The parties filed a joint motion for voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g) and entry of judgment on November 4, 2021. (ECF No. 22.) On November 4, 2021, the Court granted the joint motion and remanded the matter for further

administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and judgment was entered the following day. (ECF Nos. 23, 24.)

Now before the Court is a joint motion for the award and payment of attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and costs pursuant to 28 U.S.C. § 1920. (ECF No. 25.) The parties jointly ask the Court to award Plaintiff attorney fees and expenses in the amount of $3,400.00 and costs in the amount of $400.00. (*Id.* at 1.) This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this action. (*Id.*)

A litigant is entitled to attorney's fees under the EAJA if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A). "A plaintiff who obtains a sentence four remand" under 42 U.S.C. § 405(g), even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Schalala v. Schaefer*, 509 U.S. 292, 297–98, 301–02 (1993)).

The prevailing party is eligible to seek attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, upon expiration of the time for appeal." *Akopyan*, 296 F.3d at 854 (citation omitted) (citing *Schaefer*, 509 U.S. at 297). Under Federal Rule of Appellate Procedure 4(a)(1)(B), the time for appeal expires sixty days after entry of judgment if one of the parties is a United States officer sued in an official capacity. Therefore, a motion for attorney's fees filed after a sentence four remand is timely if filed within thirty days after Rule 4(a)'s sixty-day appeal period has expired. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 602 (9th Cir. 2007).

///

     Here, the Court finds that the parties' joint motion is timely, Plaintiff is the prevailing party in this action, the Commissioner has not met her burden of showing her position was substantially justified or that special circumstances make an award unjust, and the stipulated amount of fees is reasonable.[1] Accordingly, the Court **GRANTS** the parties' joint motion and **AWARDS** Plaintiff $3,400.00 in attorney fees and expenses pursuant to the EAJA and $400.00 in costs under 28 U.S.C. § 1920.

     **IT IS SO ORDERED.**

Dated:  December 14, 2021

                                              Hon. Jill L. Burkhardt
                                              United States Magistrate Judge

---

[1] *See Eryberto H. v. Kijakazi*, 20-cv-02427-JLB (S.D. Cal.), ECF No. 18 (finding an award of $4,600 in attorney's fees and expenses reasonable after parties jointly moved to remand upon Plaintiff filing a merits brief); *Guillermo G. v. Kijakazi*, 20-cv-01167-JLB (S.D. Cal), ECF No. 17 (finding recovery of the $400 filing fee to commence the action appropriate); *see also* ECF No. 9 ($400 filing fee paid in this case).